UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:<br><br>Russell Lee Combs and<br>Natalie M. Combs,<br><br>    Debtors.<br>_____<br><br>Russell Lee Combs and<br>Natalie M. Combs,<br><br>    Plaintiffs,<br><br>v.<br><br>Dream House Mortgage<br>Corporation,<br><br>    Defendant and<br>    Third-Party Plaintiff,<br><br>v.<br><br>Ocwen Federal Bank, FSB,<br><br>    Third-Party Defendant. | Case NO. 02-80732C-13D<br><br><br><br><br><br><br><br><br>Adversary No. 07-9009 |

### ORDER AND OPINION

This adversary proceeding came before the court on November 29, 2007, for hearing on a motion by third-party defendant, Ocwen Loan Servicing, LLC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the third-party complaint for failure to state a claim upon which relief may be granted. Kevin J. Heiser appeared on behalf of the third-party defendant and Kevin W. Butterfield appeared on behalf of the third-party plaintiff. Having considered the third-party complaint, the

motion to dismiss and the arguments of counsel, the court has concluded that the motion to dismiss should be denied.

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Rule 12(b)(6) of the Federal Rules of Civil Procedure applies in this adversary proceeding. Under Rule 12(b)(6) a defendant may move to dismiss a pleading for failure to state a claim upon which relief can be granted. During the threshold review under Rule 12(b)(6), "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." See 2 MOORE'S FEDERAL PRACTICE § 12.34[1][a](3d Ed. 2007) (quoting Scheeuer v. Rhodes, 416 U.S. 232, 236 (1974)). In ruling on a Rule 12(b)(6) motion, the court must accept the plaintiff's factual allegations as true and give the plaintiff the benefit of all reasonable inferences to be drawn from such factual allegations. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). A court ruling on a motion pursuant to Rule 12(b)(6) "should construe a plaintiff's allegations liberally, because the rules require only general or 'notice' pleading, rather than detailed fact pleading." See 2 MOORE'S FEDERAL PRACTICE § 12.34[1][b](3d Ed. 2007). Consistent with the obligation to construe a plaintiff's allegations liberally, courts should not dismiss for failure to state a claim "merely because the complaint requests inappropriate relief, or because it mischaracterizes legal theories." Id.

- 2 -

Applying these standards in the present case, the court concludes that the third-party plaintiff's complaint is sufficient to state a claim for relief against the third-party defendant. At this point, the question is not whether the third-party plaintiff can prove all of the allegations in the third-party complaint nor whether the third-party plaintiff ultimately will prevail, but whether the third-party plaintiff should be permitted to proceed past the pleading stage in this proceeding. The motion to dismiss therefore should be denied and the third-party defendant should be allowed twenty (20) days from the date of this order within which to file answer to the third-party complaint.

IT IS SO ORDERED.

This 4th day of December, 2007.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

Russell Lee Combs
Natalie M. Combs
Ch. 13 Case No. 02-80732
Adv. Pro. No. 07-09009

Neil M. O'Toole
3100 Tower Blvd. 5th Floor
P.O. Box 1109
Durham, NC 27702

Richard J. Kania
600 Centerpark Dr. Suite A
Asheville, NC 28805

Kevin William Butterfield
3511 Shannon Road, Suite 140
Durham, NC 27707

Richard M Hutson, II
Chapter 13 Office
Suite 425, 300 W. Morgan St.
P. O. Box 3613
Durham, NC 27702